UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DMITRIY YEGOROV, | No. 2:15-cv-01066-KJM-AC |
| Plaintiff, | |
| v. | ORDER |
| GOODWILL INDUSTRIES, | |
| Defendant. | |

Plaintiff, proceeding in this action pro se, has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302(c)(21). Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227–28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

1

1   indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
2   490 U.S. at 327.

3         A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
4   which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in
5   support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467
6   U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45–46 (1957)); Palmer v. Roosevelt
7   Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under
8   this standard, the court must accept as true the allegations of the complaint in question, Hospital
9   Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light
10  most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.
11  McKeithen, 395 U.S. 411, 421 (1969).

12        The court has determined that plaintiff's complaint does not contain a short and plain
13  statement showing the court has jurisdiction and why he is entitled to relief as required by Federal
14  Rule of Civil Procedure 8(a). Although the Federal Rules adopt a flexible pleading policy, a
15  complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones
16  v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff's complaint contains
17  sentences that are largely incomplete and/or incoherent, making it impossible to discern any basis
18  for the court's subject matter jurisdiction. Plaintiff's complaint also does not seem to include any
19  cognizable legal theory against defendant. Accordingly, plaintiff has failed to comply with the
20  requirements of Federal Rule 8(a) and his complaint must be dismissed. The court will, however,
21  grant plaintiff leave to file an amended complaint.

22        Plaintiff is cautioned that if he chooses to file an amended complaint, he must submit a
23  short and plain statement in accordance with Federal Rule 8(a) pointing to some cognizable legal
24  theory that entitles him to relief. Any amended complaint must also show that the federal court
25  has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if his
26  allegations are true. The amended complaint should contain separately numbered, clearly
27  identified claims.

28        In addition, the allegations of the complaint must be set forth in sequentially numbered

paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Fed. R. Civ. P. 10(b). Plaintiff must avoid excessive repetition of the same allegations. Plaintiff must avoid narrative and storytelling. That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiff's hopes and thoughts. Rather, the amended complaint should contain only those facts needed to show how the defendant legally wronged the plaintiff.

Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis, ECF No. 2, is GRANTED;

2. Plaintiff's complaint, ECF No. 1, is dismissed; and

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: June 4, 2015

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3